## UNION INSURANCE COMPANY OF PROVIDENCE

### v.

**Joan C. DUBUC, in her capacity as the Administratrix of the Estate of David Edouard deTonnancourt and Nicholas Evan Brackett.**

### No. 97–117–A.

Supreme Court of Rhode Island.

Sept. 19, 1997.

Mark P. Dolan, Providence.

Robert J. Quigley, Jr., Providence.

### ORDER

The defendants, Joan Dubuc, in her capacity as the Administratrix of the Estate of her son, the decedent, David deTonnancourt, and Nicholas Brackett, the minor child of the decedent, appeal from a Superior Court summary judgment in favor of plaintiff, Union Insurance Company of Providence. After consideration of the prebriefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

The decedent was killed in a single-vehicle accident while a passenger in a vehicle owned by David Erikson and insured under a policy with plaintiff, Union Insurance Company. The defendants sought to recover uninsured motorist benefits pursuant to the Union policy. The insurer denied the claim and filed a declaratory judgment complaint in Superior Court requesting that the court find that defendants are not entitled to recover uninsured motorist benefits under the Union policy. The plaintiff moved for summary judgment and the motion was granted. Judgment entered in favor of plaintiff and defendants filed a timely appeal.

The Union policy provides that an uninsured motor vehicle does not include any vehicle:

"Owned by or furnished or available for the regular use of you or any 'family member' unless it is a your covered auto' to which Part A of the policy [liability coverage] applies and liability coverage is excluded for damages sustained in the accident."

The vehicle in which decedent was a passenger was a covered auto to which liability coverage applied; however, liability coverage was not excluded for defendants' damages. The policy's uninsured motor vehicle exclusion, therefore, applies to the Erikson vehicle and it does not qualify as an uninsured vehicle under the terms of the Union policy.

This court upheld a similar exclusion in *Amica Mutual Insurance Co. v. Streicker,* 583 A.2d 550 (R.I.1990). The defendants argue that *Streicker* may be distinguished from the present case in that the Streickers attempted to collect uninsured motorist benefits after having received the full amount of liability benefits under the Amica policy. Here, defendants contend that they have not made a claim for liability benefits, but have chosen to collect uninsured motorist benefits instead. The defendants assert that they are entitled to make an election between these two types of benefits. We disagree. As we said in *Streicker,* "[t]he [policy's] exclusion simply removes from the definition of 'uninsured motor vehicle' those vehicles that are covered by the liability insurance under the same policy." *Id.* 583 A.2d at 554.

In this case, the policy does not present an option as to coverage; the exclusionary language states that an owned vehicle is not considered an uninsured motor vehicle unless

liability coverage is excluded for damages sustained in the accident. Here, there is no such exclusion. On the contrary, because the defendants are entitled to collect liability benefits under the liability coverage provided by the policy, the Erikson vehicle is not an uninsured vehicle under the terms of the Union policy.

For the above stated reasons, we conclude that summary judgment was properly entered in favor of plaintiff. The defendants' appeal is therefore denied and dismissed and the judgment is affirmed.